# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| U.S. ex rel. DWAYNE McNEAL (R-09141), ) | |
| ) | |
| Petitioner, ) | No. 11 C 2951 |
| ) | |
| v. ) | Judge Blanche M. Manning |
| ) | |
| RANDY PFISTER[1] ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Dwayne McNeal, seeks a writ of *habeas corpus* against Pontiac Correctional Center Warden, Randy Pfister, pursuant to 28 U.S.C. § 2254. Presently before the Court is Petitioner's motion for a stay and abeyance. For the reasons stated below, the Petitioner's motion for a stay and abeyance is denied.

## BACKGROUND

Following a November 2001 jury trial in the Circuit Court of Cook County, Illinois, Petitioner was convicted of first degree murder and sentenced to a term of forty years of imprisonment.

Petitioner appealed his conviction and sentence to the Illinois Appellate Court, First District. Petitioner raised the following issues in his appeal: (1) the State failed to prove him guilty beyond a reasonable doubt because the testimony identifying him as the culprit was unreliable; (2) he was denied a fair trial when the trial court read Illinois Pattern Jury Instruction (IPI) 3:15 to the jury; (3) he was denied a fair trial when the trial court denied his request to instruct the jury on the use of substantive impeachment regarding the prior inconsistent

---

[1] Randy Pfister is presently the acting warden at Pontiac Correctional Center and is substituted as the proper Respondent in this matter. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United Sates District Courts; Fed. R. Civ. P. 25(d); *Rumsfield v. Padilla*, 542 U.S. 426, 435-55 (2004).

statement of the State's chief occurrence witness; and (4) he was denied a fair trial when the trial court improperly admitted testimony regarding a telephone conversation he had with Sherice Mayes. On May 21, 2003, the state appellate court affirmed.

Petitioner filed a *pro se* petition for leave to appeal ("PLA") in the Illinois Supreme Court. Petitioner raised the following issues in his PLA: (1) the State failed to prove him guilty beyond a reasonable doubt because the testimony identifying him as the culprit was unreliable and (2) the appellate court erred in rejecting his claim that he was denied a fair trial when the trial court read IPI 3:15 to the jury because it improperly applied Illinois's plain error doctrine and ignored *People v. Gonzalez*, 761 N.E.2d 198 (Ill. App. Ct. 2001). After Petitioner filed his *pro se* PLA, defense counsel filed a PLA raising the same claims Petitioner raised in his *pro se* PLA. On October 7, 2003, the PLAs were denied.

On November 19, 2003, Petitioner filed a *pro se* postconviction petition pursuant to 725 ILCS 5/122-1 *et seq*. On November 28, 2007, Petitioner filed an amended postconviction petition pursuant to 725 ILCS 5/122-1 *et seq*. Petitioner's postconviction petitions raised the following claims: (1) trial counsel was ineffective for: a) failing to present exculpatory evidence that showed that Petitioner did not commit the crime; b) not presenting evidence that the State's witness recanted his statement and that showed the witness was coerced by detectives; c) failing to present evidence showing coercion of a witness, a faulty police investigation, and destruction of evidence; d) failing to cross-examine an Assistant State's Attorney who was accused of writing a false statement for the State's witness; e) failing to call another witness to support Petitioner's defense; and e) failing to present exculpatory and impeachment evidence that showed Petitioner did not commit the crime; (2) appellate counsel on direct appeal was ineffective for failing to raise trial counsel's ineffectiveness; and (3) the trial court improperly

denied the jury's request to see a photograph during deliberations. On April 16, 2008, the postconviction state court granted the State's motion to dismiss.

On April 16, 2008, Petitioner appealed the dismissal of his state postconviction petitions. On appeal from the denial of his state postconviction petitions, Petitioner argued that postconviction counsel was ineffective for failing to have Lawrence Watkin's affidavit notarized and failing to investigate and obtain a notarized affidavit from Tiffany Steward. On March 31, 2010, the state appellate court affirmed the dismissal of Petitioner's state postconviction petitions. Petitioner filed a PLA in the state supreme court raising the same issues. On September 29, 2010, the Illinois Supreme Court denied Petitioner's PLA.

Petitioner filed the instant habeas petition on April 20, 2010 (based on signature). Petitioner raises the following claims in this Court: (1) the state appellate court improperly applied Illinois's plain error doctrine in rejecting his claim that he was denied a fair trial when the trial court read IPI 3:15 to the jury; (2) the state appellate court's affirmance of his conviction on direct appeal was based on misconceptions of the facts of his case; (3) postconviction counsel was ineffective for failing to have Lawrence Watkin's affidavit notarized and failing to investigate and obtain a notarized affidavit from Tiffany Steward; (4) he was denied a fair trial when IPI 3:15 was read to the jury; (5) he was denied a fair trial when the trial court denied his request to instruct the jury on substantive impeachment regarding the prior inconsistent statement of the state's chief occurrence witness; (6) he was denied a fair trial when the trial court improperly admitted testimony regarding a telephone conversation he had with Sherice Mayes; (7) the State failed to prove him guilty beyond a reasonable doubt because the State's chief occurrence witnesses were impeached and their identification testimony was unreliable; (8) ineffective assistance of trial counsel for failing to present exculpatory and

impeachment evidence that showed that he did not commit the crime; (9) ineffective assistance of counsel by failing to present exculpatory evidence from Lawrence Watkin's demonstrating that Joseph Walker, not Petitioner, committed the murder; (10) ineffective assistance of counsel by failing to cross-examine detectives to demonstrate the coercion of Watkins to testify and to question them regarding a faulty investigation and the destruction of evidence; (11) ineffective assistance of counsel by failing to cross-examine an Assistant State's Attorney who was accused of writing a false statement for the State's witness; (12) ineffective assistance of counsel for failing to call Tiffany Steward who would have supported Petitioner's defense; and (13) he was denied due process when the trial court denied the jury's request to see a photograph during deliberations.

Petitioner moves to stay the present case "due to the belief that available documents have not been reviewed or addressed by the courts, which would have supported petitioner's constitutional claims." According to the Petitioner, he "chooses" not to have a mixed habeas petition of issues that have been both exhausted and not exhausted. Petitioner avers that he is presently preparing "based upon this intent, to file a successive post-conviction petition, or any other pleading and/or motion, which raises a question of fact, and/or supports a constitutional violation." Respondent argues that the motion to stay should be denied because the petition contains only exhausted claims.

## ANALYSIS

A "mixed" habeas petition contains both claims that the petitioner has exhausted in state court and one which he has not. *See Rose v. Lundy*, 455 U.S. 509 (1982). The court has discretion to stay "mixed" petitions for habeas relief in situations in which outright dismissal of a mixed petition could jeopardize the petitioner's ability to later file a timely habeas petition,

such as when the petitioner files his application "close to the end of the 1-year [statute of limitations] period." *Rhines v. Weber*, 544 U.S. 269, 275 (2005). A stay is granted only if the district court determines that there was "good cause" for the petitioner's failure to exhaust his claims first in state court and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277. Generally, if all the claims brought in federal court have been exhausted in the state court, a stay is not warranted. *See, e.g., Harper v. Shaw*, No. 08 CV 00850, 2010 WL 5140065, at *2 (C.D. Ill. Dec. 13, 2010).

Here, Petitioner has pursued a complete round of direct appellate review and a complete round of postconviction review in state court. Petitioner has raised all of the claims he brings in the present habeas petition in his state court litigation. Petitioner specifically pleads full exhaustion of each of his present claims and that pleading is supported by the above factual summary and exhibits provided by the Respondent. Thus, Petitioner's habeas petition is not "mixed."

Petitioner seeks a stay based on hypothetical claims that are based on hypothetical documents/facts that he may attempt to raise in a successive state postconviction proceeding. As of the time the Respondent filed its response brief, Petitioner had not filed any additional filings in state court. Importantly, he has not demonstrated what these "new" claims that must go through the state process would be, let alone that there would be good cause for his failure to raise the claim(s) before and/or that they would not be plainly meritless.

Based on the above, Petitioner has not demonstrated that a stay is appropriate in this matter. Petitioner's motion for a stay and abeyance is denied.

## CONCLUSION

For the reasons stated above, Petitioner's motion for a stay and abeyance [5] is denied. Petitioner's motion for leave to proceed *in forma pauperis* [3] is denied as moot; Petitioner has paid the required filing fee.. Respondent's answer shall be filed within 21 days of the date that this order is entered on the docket.

Date: August 30, 2011

_____
Blanche M. Manning
United States District Court Judge