IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>DWAYNE MCNEAL,<br><br>Petitioner,<br><br>v.<br><br>RANDY PFISTER, Warden Pontiac<br>Correctional Center,<br><br>Respondent. | No. 11 C 2951 |

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Dwayne McNeal's (McNeal) petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. §2254 (Section 2254). For the reasons stated below, the Petition is denied.

## BACKGROUND

In 2001 McNeal was convicted in a jury trial in Illinois state court of first degree murder for entering a public restaurant and shooting the victim multiple times (Shooting). McNeal was sentenced to 40 years in prison. McNeal appealed his

1

conviction and on May 21, 2003, the Illinois Appellate Court affirmed the conviction. McNeal then filed a *pro se* petition for leave to appeal (PLA) to the Illinois Supreme Court and counsel for McNeal subsequently filed a PLA as well. On October 7, 2003, the Illinois Supreme Court denied both PLAs. On November 5, 2003, McNeal filed a post-conviction petition and on November 28, 2007, he filed an amended post-conviction petition. The amended post-conviction petition was dismissed by the state trial court on April 16, 2008. On March 31, 2010, the Illinois Appellate Court affirmed the trial court's dismissal of the amended post-conviction petition. McNeal subsequently filed a PLA, which was denied on September 29, 2010. On May 3, 2011, McNeal filed the instant Petition and a motion to stay these proceedings while he pursued a successive post-conviction petition. On August 30, 2011, the court denied the motion to stay. This case was reassigned to the undersigned judge on December 6, 2012.

**LEGAL STANDARD**

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus in accordance with 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

McNeal argues in the Petition: (1) that the Illinois Appellate court allegedly erred when it declined to review a ruling regarding a jury instruction under the plain error doctrine (Claim 1), (2) that the Illinois Appellate Court erred by allegedly misconstruing a certain fact (Claim 2), (3) that the Illinois Appellate Court allegedly

3

misapprehended evidence, and ignored a crucial fact relating to reasonable doubt (Claim 3), (4) that McNeal received ineffective assistance of counsel, because post-conviction counsel failed to obtain a notarization for an affidavit by Lawrence Watkins (Watkins) (Claim 4), (5) that McNeal received ineffective assistance of counsel, because post-conviction counsel failed to obtain a notarized affidavit from Tiffany "nay-nay" Steward and failed to attach a signed statement to a certain document (Claim 5), (6) that McNeal was denied a fair trial when a certain jury instruction was given to the jury (Claim 6), (7) that McNeal was denied a fair trial when the trial court denied McNeal's request to instruct the jury on substantive impeachment regarding the prior inconsistent statements of the State's witnesses (Claim 7), (8) that McNeal was denied a fair trial when the trial court admitted testimony regarding a certain telephone conversation (Claim 8), (9) that McNeal was not proven guilty beyond a reasonable doubt (Claim 9), (10) that McNeal received ineffective assistance of counsel and was denied a fair trial when appointed counsel failed to present certain exculpatory and impeaching evidence and that appellate counsel was ineffective for not raising this issue on appeal (Claim 10), (11) that McNeal received ineffective assistance of counsel and his due process rights were violated when the jury did not hear that the State's witness allegedly recanted his statement (Claim 11), (12) that McNeal's rights under the Confrontation Clause and

the Due Process Clause were violated because detectives were not cross-examined at trial (Claim 12), (13) that McNeal received ineffective assistance of counsel and was denied a fair trial when counsel failed to cross-examine an assistant State's Attorney relating to an alleged false statement (Claim 13), and (14) that McNeal's Fifth and Fourteenth Amendment rights to due process were violated when jurors requested to see evidence while in deliberation and the evidence was not available to the jurors (Claim 14).

I. Claims 1, 4, and 5

Respondent argues that Claims 1, 4 and 5 are not cognizable claims since they relate to alleged errors that do not implicate federal constitutional concerns. A state prisoner may obtain habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984)(stating that "[a] federal court may not issue the writ on the basis of a perceived error of state law").

A. Claim 1

As indicated above, in Claim 1 McNeal argues that the Illinois Appellate court

allegedly erred when it declined to review a ruling regarding a jury instruction under the plain error doctrine. The standard of review by the Illinois Appellate Court and the plain error doctrine are governed by Illinois state law. *See, e.g., People v. Maury*, 2013 WL 950515, at *6 (Ill. App. Ct. 2013). Claim 1 thus alleges a violation of state law. McNeal fails to show that Claim 1 is related to a federal issue and therefore Claim 1 is not a cognizable claim for a Section 2254 petition.

### B. Claims 4 and 5

As indicated above, in Claims 4 and 5 McNeal contends that he received ineffective assistance of counsel due to alleged errors by his post-conviction counsel. However, relief cannot be obtained under a Section 2254 petition for any ineffectiveness of counsel during state collateral proceedings. *See* 28 U.S.C. § 2254(i)(stating that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254"); *see also Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996)(stating that "[u]nless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form the basis for federal habeas corpus relief"). Therefore, Claims 4 and 5, which are premised on errors that occurred during state

collateral proceedings, are not cognizable. The court also notes that based on the record, Claims 1, 4, and 5 lack any merit.

II. Claims 6, 7, 8, 10, 11, 12, 13, and 14

Respondent argues that Claims 6, 7, 8, 10, 11, 12, 13, and 14 are procedurally defaulted. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes,* 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review" and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the

7

petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025). In addition, "[w]hen a state court denies a prisoner relief on a question of federal law and bases its decision on a state procedural ground that is independent of the federal question, the federal question is procedurally defaulted." *Lee v. Davis*, 328 F.3d 896, 899-900 (7th Cir. 2003). In the habeas context, a petitioner is deemed to have fully and fairly presented an argument to a state court only if the petitioner "articulat[ed] both the operative facts and applicable law. . . ." *Johnson*, 574 F.3d at 431; *see also Byers*, 610 F.3d at 985 (stating that "[a] petitioner must fairly present his federal claims to the state courts by arguing both the law and the facts underlying them").

A. Claim 6

Respondent argues that Claim 6 is procedurally defaulted because the claim was disposed of by the Illinois Appellate Court on an independent state law ground. McNeal asserts in Claim 6 that the trial court committed reversible error when it read Illinois Pattern Jury Instruction No. 3.15 to the jury. McNeal raised Claim 6 on direct appeal. The Illinois Appellate Court ruled that since it was McNeal himself that proposed the instruction, McNeal waived his right to object to the instruction

based upon Illinois state procedural rules. (R Ex. A 11). Thus, since Claim 6 was disposed of on an independent state law ground, the claim is procedurally defaulted.

### B. Claims 7, 8, 10, 11, 12, 13, and 14

Respondent argues that Claims 7, 8, 10, 11, 12, 13, and 14 are procedurally defaulted since McNeal failed to raise such claims through one full round of state-court review. The record reflects that claims 7 and 8 were presented in McNeal's direct appeal. (R Ex. B 3-4). However, such claims were not presented in his PLA on direct appeal or his PLA on his post-conviction appeal. (R Ex. E 3, R Ex. F 3, R Ex. P 4). The record reflects that Claims 11 and 14 were not presented in McNeal's direct appeal, or his PLA on direct appeal. (R Ex. B 3-4, R Ex. E 3, R Ex. F 3). The record reflects that Claims 11 and 14 were presented in McNeal's post-conviction petition. (R Ex. H 2-3, R Ex. I 2-3). However, Claims 11 and 14 were not presented in his PLA on his post-conviction appeal. (R Ex. P4). The record reflects that Claims 10, 12, and 13 were presented by McNeal in the post-conviction petition. (R Ex. H 2-3, R Ex. I 2-3). However, such claims were not presented in the post-conviction PLA or in the PLA on direct appeal. (R Ex. P 4, R Ex. E 3, R. Ex. F 4). Therefore, since McNeal failed to raise Claims 7, 8, 10, 11, 12, 13, and 14 through

one full round of state-court review, such claims are procedurally defaulted.

### C. Excusing Procedural Default

A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice").

In the instant action, McNeal has not provided facts showing that he was

10

prevented from presenting Claims 6, 7, 8, 10, 11, 12, 13, and 14 in a manner that would have avoided the procedural default. McNeal has not shown cause and prejudice. Nor has McNeal shown actual innocence or a fundamental miscarriage of justice to excuse the procedural default on Claims 6, 7, 8, 10, 11, 12, 13, and 14. There was ample evidence to enable a reasonable jury to convict McNeal. Finally, the court notes that a review of the record shows that even if Claims 6, 7, 8, 10, 11, 12, 13, and 14, were not procedurally defaulted, such claims lack any merit.

III. Claim 2, 3, and 9

Respondent argues that claims 2, 3, and 9 lack any merit.

A. Claims 2 and 3

McNeal argues in Claims 2 and 3 that the Illinois Appellate Court misunderstood and misconstrued certain evidence, and ignored certain evidence. However, McNeal fails to show that the Illinois Appellate Court misunderstood, misconstrued, or ignored any evidence. The opinion by the Illinois Appellate Court provided a thorough and accurate analysis of the evidence in the case. McNeal presented Claims 2 and 3 in his PLA on direct appeal, arguing that the Eyewitnesses at the Shooting (Eyewitnesses) did not tell the police that they knew McNeal or that

11

he had just visited them prior to the Shooting. (R Ex. F 13). McNeal argues that the Illinois Appellate Court misunderstood the evidence to indicate that the Eyewitnesses had related such facts to the police. (R Ex. F 13). The record reflects that the Illinois Appellate Court merely made a passing reference in its ruling to information given to police at the scene in the Court's recitation of the background facts in the case. There is no indication that the Illinois Appellate Court misunderstood the evidence in the case or that any misunderstanding by the Illinois Appellate Court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. McNeal also argues that the Illinois Appellate Court failed to take into consideration an affidavit from Watkins (Affidavit) in which Watkins allegedly recanted his testimony. However, McNeal has not shown that the Affidavit was ever presented to the Illinois Appellate Court prior to its ruling. McNeal indicates that he presented the Affidavit with his PLA on direct appeal. (Pet. 8). Therefore, Claims 2 and 3 lack any merit.

### B. Claim 9

McNeal argues in Claim 9 that the State did not prove him guilty beyond a

reasonable doubt, contending that the Eyewitnesses, who later identified McNeal as the shooter, were impeached at trial and were unreliable. In accordance with *Jackson v. Virginia*, 443 U.S. 307 (1979), the Illinois Appellate Court gave deference to the jury verdict and assessed whether "a rational trier of fact could reasonably have found that the" State had met its burden of proof. *Id.* at 318-19, 326. McNeal contends that the eyewitnesses at the scene of the shooting gave inconsistent testimony and were impeached. McNeal also argues that certain facts such as that the shooter at the Shooting had his face partially covered renders the testimony of the Eyewitnesses unreliable. The Illinois Appellate Court properly assessed the reliability of the identification made by the Eyewitnesses in accordance with the factors set forth in *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972). The Illinois Appellate Court also properly concluded that the evidence did not show that the identifications made were inherently unreliable and that the arguments put forth by McNeal pertained to the weight that should have been accorded to the testimony of the Eyewitnesses. (Ex. A 8). McNeal has argued in state appellate proceedings and in the instant Petition that this court second-guess the jury's assessment of the evidence such as the testimony of the Eyewitnesses. That is not a proper analysis for a Section 2254 petition. 28 U.S.C. § 2254(d). Therefore, Claim 9 lacks any merit. Based on the above, the Petition is denied.

The court notes that McNeal also requests that he be allowed to conduct discovery in this case. A petitioner bringing a Section 2254 motion can obtain discovery if the petitioner: (1) "make[s] a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation," and (2) "show[s] 'good cause' for the discovery. *Hubanks v. Frank*, 392 F.3d 926, 933 (7th Cir. 2004). In the instant Petition, McNeal has not shown that he has any colorable claim. The record shows that none of the claims presented have any merit. Nor has McNeal provided good cause for any discovery in this case. Therefore, the request for discovery is denied.

IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDonnell*, 529 U.S. 473, 484

(2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, McNeal has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has McNeal shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should McNeal decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied and, should McNeal decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted.

						_____
						Samuel Der-Yeghiayan
						United States District Court Judge

Dated: April 24, 2013